IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY MARSHALL,

    Plaintiff,                               No. CIV S-04-1657 DFL PAN P

    vs.

DEPUTY CASTRO, et al.,

    Defendants.                        FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On May 2, 2006, defendant Joseph Headley filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). In an order filed April 13, 2005, plaintiff was advised of the requirements for filing an opposition to a dispositive motion and that failure to oppose such a motion might be deemed a waiver of opposition to the motion.

        On June 1, 2006, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b). The thirty day period has now expired and plaintiff has not responded to the court's order.

/////

1   "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
2   an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,
3   1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). "In determining whether to dismiss a case for
4   failure to comply with a court order the district court must weigh five factors including: '(1) the
5   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
6   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
7   their merits; and (5) the availability of less drastic alternatives.'" Ferdik, at 1260-61 (quoting
8   Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
9   F.3d 52, 53 (9th Cir. 1995).

10   In determining to recommend that this action be dismissed, the court has
11   considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly
12   support dismissal of this action. The action has been pending for almost two years and is
13   reaching the stage, set by the court's April 26, 2006 scheduling order, for resolution of
14   dispositive motions and, if necessary, preparation for pretrial conference and jury trial. (See
15   Scheduling Order, filed April 26, 2006.) Plaintiff's failure to comply with the Local Rules and
16   the court's June 1, 2006, order suggests that he has abandoned this action and that further time
17   spent by the court thereon will consume scarce judicial resources in addressing litigation which
18   plaintiff demonstrates no intention to pursue.

19   The fifth factor also favors dismissal. The court has advised plaintiff of the
20   requirements under the Local Rules and granted ample additional time to oppose the pending
21   motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

22   Under the circumstances of this case, the third factor, prejudice to defendants
23   from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to
24   oppose the motion does not put defendants at any disadvantage in this action. See Ferdik, at
25   1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to continue
26   an action plaintiff has abandoned. The fourth factor, public policy favoring disposition of cases

1 on their merits, weighs against dismissal of this action as a sanction.  However, for the reasons
2 set forth supra, the first, second, and fifth factors strongly support dismissal and the third factor
3 does not mitigate against it.  Under the circumstances of this case, those factors outweigh the
4 general public policy favoring disposition of cases on their merits.  See Ferdik, at 1263.
5       For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
6 dismissed pursuant to Federal Rule of Civil Procedure 41(b).
7       These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9 days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
12 that failure to file objections within the specified time may waive the right to appeal the District
13 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
14 DATED: July 27, 2006.

UNITED STATES MAGISTRATE JUDGE

18 mars1657.46fr