IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY MARSHALL,

    Plaintiff,                       No. CIV S-04-1657 DFL PAN P

    vs.

DEPUTY CASTRO, et al.,

    Defendants.              <u>ORDER AND</u>

                                      <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On May 2, 2006, defendant Joseph Headley filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). In an order filed April 13, 2005, plaintiff was advised of the requirements for filing an opposition to a dispositive motion and that failure to oppose such a motion might be deemed a waiver of opposition to the motion.

        On June 1, 2006, plaintiff was ordered to file an opposition or a statement of nonopposition to the pending motion within thirty days. In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b). The thirty-day period expired without plaintiff

responding to the court's order, and on July 27, 2006, this court filed findings and recommendations recommending dismissal of the action for plaintiff's failure to file an opposition or a statement of nonopposition to the pending motion within thirty days. Plaintiff timely filed objections to those findings and recommendations on August 2, 2006. Good cause appearing, the court will vacate the findings and recommendations.

Plaintiff also filed on August 2, 2006, an opposition to defendant Joseph Headley's motion for judgment on the pleadings, and on August 10, 2006, defendant filed a reply to that opposition.

In his amended complaint,[1] plaintiff names Joe Headley as a defendant, and states:

> [d]efendant Joe Headley is a Lieutenant, Facility Commander, at the Solano County Sheriff's Departmential [sic] Detention Facility Jail in Fairfield CA, [sic] Lt. Headley, assigns officers to the jail and as such control [sic], and govern [sic] the everyday operations of Sergeants, Deputy Officers, Deputy Coprals [sic], the operations of the jail, and lives, and safekeeping of the inmates.

The body of plaintiff's third amended complaint, however, contains no charging allegations as to defendant Headley.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

---

[1] Plaintiff filed three amended complaints in this action. Both parties refer to plaintiff's second amended complaint, but they are in fact addressing the amended complaint filed September 10, 2004, which is plaintiff's third amended complaint.

1  omits to perform an act which he is legally required to do that causes the deprivation of which
2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3        Moreover, supervisory personnel are generally not liable under § 1983 for the
4  actions of their employees under a theory of respondeat superior and, therefore, when a named
5  defendant holds a supervisorial position, the causal link between him and the claimed
6  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
8  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
9  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
10 Cir. 1982).

11       It appears that plaintiff has included defendant Headley in this action based solely
12 on his supervisory position at the Solano County jail.  For the foregoing reasons, plaintiff has
13 failed to state a claim against defendant Healdly.  The court will therefore recommend that
14 defendant's motion for judgment on the pleadings be granted.

15       By order filed February 8, 2005, the court found that service was proper for, inter
16 alia, defendant Solano County Sheriff.  After several subsequent court orders for service were
17 issued, on December 1, 2005, a summons for defendant Solano County Sheriff was returned
18 executed.  Defendant Solano County Sheriff has failed to answer plaintiff's complaint.

19       Section 1915(e)(2) of Title 28 of the united states code authorizes the court to
20 dismiss at any time a case that fails to state a claim upon which relief may be granted.  As with
21 defendant Joseph Headley, this court finds that plaintiff fails to include specific charging
22 allegations against this defendant, and also finds that plaintiff's inclusion of the Solano County
23 Sheriff is based solely on a theory of respondeat superior.  Accordingly, defendant Solano
24 County Sheriff should also be dismissed for plaintiff's failure to state a claim upon which relief
25 may be granted.
26 /////

1   Accordingly, IT IS HEREBY ORDERED that the findings and recommendations
2 filed July 27, 2006 are vacated.

3   IT IS HEREBY RECOMMENDED that:

4   1. Defendant Joseph Headley's May 2, 2006, motion for judgment on the
5 pleadings be granted.

6   2. Defendant Solano County Sheriff be dismissed from this action for plaintiff's
7 failure to state a claim upon which relief may be granted against this defendant. See 28 U.S.C.
8 1915(e)(2).

9   These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
11 days after being served with these findings and recommendations, plaintiff may file written
12 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
13 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
14 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
15 F.2d 1153 (9th Cir. 1991).

16 DATED: August 21, 2006.

UNITED STATES MAGISTRATE JUDGE

14
mars1657.mjop.fr