IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY MARSHALL,

    Plaintiff,                   No. CIV S-04-1657 JAM EFB P

    vs.

DEPUTY CASTRO, et al.,

    Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se, in a civil rights action brought under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On March 6, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. Defendants have filed objections. One of their objections is that the findings and recommendations do not address plaintiff's state law claims and those claims are addressed herein. For the reasons stated below, the court adopts the findings and recommendations as modified herein.

////

////

1

As explained in the magistrate judge's recommendation, there is a clear conflict in testimony over whether plaintiff's head was slammed into a wall by officers while he was being searched. There is no dispute that some force was being used and that plaintiff was unruly and difficult to manage. However, there plainly is a dispute as to whether the force used was excessive. The parties agree that plaintiff was placed up against a wall and was searched. Plaintiff states, under oath, that Officer Castro slammed plaintiff's head into the cement wall and that plaintiff had dizziness, pain and swelling. Officers Castro and Molloy state that they were attempting to remove plaintiff's shoe and that he fell toward the floor. Both say that they did not see plaintiff's head strike the wall. The conflict in testimony between the plaintiff on one hand, and the officers on the other, is obvious. There is a genuine dispute as to whether plaintiff's head was deliberately slammed into the wall. Plaintiff says that is what Castro did. Neither Castro nor Molloy attempt to explain that level of force as being reasonably necessary to bring plaintiff under control. Rather, they deny that it occurred at all. Obviously, this dispute cannot be resolved on declarations. A trier of fact will have to determine whose version to believe. Moreover, if plaintiff's head was deliberately slammed into a cement wall without any need or justification for that amount of force, the officers are not entitled to qualified immunity. If a jury credits plaintiff's version of the events, there is no reasonable mistake under which officers could have reasonably believed in the necessity or legality of the conduct alleged. Santos v. Gates, 287 F.3d 846, 855 n.12 (9th Cir. 2002).

Defendants' arguments regarding plaintiff's state law claims of assault and battery and intentional infliction of emotional distress fail for the same reasons. Like a § 1983 claim, plaintiff must establish the use of unreasonable force for a state law battery claim. *See Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1274-75 (1998). Since there is a genuine dispute as to whether unreasonable force was used, as explained above, summary judgment on plaintiff's assault and battery claim must be denied. With respect to plaintiff's intentional infliction of emotional distress claim, there must be a triable issue of material fact regarding the existence of

1  "outrageous conduct," an essential element to the action. *Tollefson v. Roman Catholic Bishop*,
2  219 Cal. App. 3d 843, 858 (1990). The alleged assault is also the alleged "outrageous conduct"
3  for purposes of this claim. Since the facts regarding the alleged assault are disputed, summary
4  judgment must also be denied on the intentional infliction of emotional distress claim.[1]

5  Molloy also argues that plaintiff's state law claims fail because plaintiff did not
6  comply with the claim filing requirements of the California Tort Claims Act. The California Tort
7  Claims Act requires a plaintiff to file timely notice of a tort claim with a public entity, notifying
8  the entity of his desire to secure damages for harms he alleges are attributable to the agency's
9  employees. Cal. Gov't Code § 945.4. Failure to follow the statutory requirements is fatal to the
10 cause of action against the public entity and/or its employees. *Willis v. Reddin*, 418 F.2d 702,
11 704 (9th Cir. 1969). To comply with the California Tort Claims Act, a tort claim must provide a
12 factual context for the harms for which the complainant seeks relief. It must, at a minimum,
13 identify the "date, place and other circumstances of the occurrence or transaction which gave rise
14 to the claim asserted." Cal. Gov't Code § 910(c). It must also identify the employee or
15 employees responsible for causing the alleged injuries or harms. *Id.* § 910(e). Finally, the
16 circumstances or facts provided must be sufficient to provide the public agency with sufficient
17 notice to enable it to investigate the claim. *See, e.g.*, *Wood v. Riverside Gen. Hosp.*, 25 Cal. App.
18 4th 1113, 1118 (1994).

19 In plaintiff's September 3, 2004 tort claim, he identified Molloy as an employee
20 responsible for his alleged injuries. In describing the cause of his injuries, plaintiff described that
21 his face was slammed into a wall and that his legs were pulled from under him causing him to

---

[1] Defendants' motion also addressed an alleged failure to provide medical treatment, arguing that if that failure was supposed to constitute the basis for the emotional distress claim, defendants are immune as to the claim. The intentional infliction of emotional distress claim is based on the alleged assault and not the alleged failure to provide medical treatment. Therefore, the court need not address defendants' arguments that they are immune from state law liability for the alleged delay in providing medical treatment. Additionally, since plaintiff is only suing defendants in their individual capacities, the court need not address defendants' argument that there is no "official capacity" liability.

fall. Molloy argues that plaintiff failed to comply with the claim filing requirements of the California Tort Claims Act because plaintiff failed to identify an act or omission on Molloy's part. However, plaintiff named Molloy as an employee responsible for his alleged injuries and provided a description of the circumstances that gave rise to his claim. Plaintiff provided enough information to allow the public agency to investigate the claim. Thus, Molloy's argument that plaintiff did not comply with the claim filing requirements of the California Tort Claims Act fails.

The magistrate judge's findings and recommendations note that the copy of a photograph of plaintiff that was submitted in support of the motion was so poor that the image could not be viewed. Defendants argue that they previously submitted a courtesy copy that was a "color copy of the original." They note that it must have been lost. They argue that this better-quality copy would change the outcome of the summary judgment motion because the magistrate judge "could not see the clear lack of evidence of the facial and neck injuries . . . ." Defs.' Objs. at 3:5-6. Defendants have filed with their objections a color photocopy of that photograph. That better-quality copy does not negate the triable issue of fact noted above. It neither proves nor disproves either side's version of what happened. While defendants may attempt to use the photograph to persuade a jury that defendants' version of the events is more believable, there is nothing in the photograph that precludes a reasonable jury from being able to resolve the credibility dispute either way.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 6, 2008, are adopted in full;

///

2. Defendant Molloy's September 28, 2006, motion for summary judgment is denied;

3. Defendant Castro's September 29, 2006, motion for summary judgement is denied; and

4. Plaintiff is directed to file a pretrial statement within 30 days, and defendants are granted 15 days after such service to file and serve a pretrial statement.

DATED:   August 26, 2008

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE